**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

Jennifer Strickland Poole,

Plaintiff,

v.

University of South Carolina,

Defendant.

Civil Action No. ________________

**COMPLAINT AND JURY DEMAND**

Plaintiff Jennifer Strickland Poole, by and through undersigned counsel, alleges as follows:

**PARTIES, JURISDICTION, AND ADMINISTRATIVE PROCEEDINGS**

**1.** Plaintiff is an individual who worked for Defendant University of South Carolina as a Clinical Instructor and Coordinator for Early Childhood Education. Defendant was her employer and is the respondent identified in EEOC Charge No. 14C-2026-00647.

**2.** This action arises under Title VII of the Civil Rights Act of 1964. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). Venue is proper in this District because Defendant is located in this District and the employment practices alleged occurred in this District.

**3.** Plaintiff filed a charge of discrimination alleging that she was discriminated against because of her relationship with a Black partner, including treatment following a study-abroad trip and her discharge. The charge names the University of South Carolina and was filed on May 7, 2026.

**4.** The Equal Employment Opportunity Commission issued a Determination and Notice of Right to Sue on July 2, 2026, concerning Charge No. 14C-2026-00647. The EEOC sent its

final decision to Plaintiff and her counsel by email on July 2, 2026. Plaintiff personally received the notice on July 5, 2026. This action is filed within 90 days of the July 2, 2026 notice.

## FACTS

**5.** Plaintiff began working for Defendant around August 1, 2016. Defendant traveled abroad to Italy with the college four times prior to the 2025 trip. Defendant approved her to lead a May 16-31, 2025 study-abroad program in Italy. This was the first time that Defendant served as the group leader. The college did not provide any training for Defendant regarding this new role.

**6.** Plaintiff's African American partner accompanied her on this trip. After the trip concluded a trip participant told Plaintiff that the fathers of white female students had objected to her Black partner's presence and considered it a bad example for their daughters. Plaintiff has not received a written copy of any such complaint. Plaintiff alleges that the reported objections reflected hostility to her relationship with a person of another race.

**7.** After the study-abroad trip, Dean Thomas Hodges called Plaintiff to a meeting. Plaintiff asked whether she needed to prepare for or bring anything to the meeting and was told that she did not. At the meeting, she was confronted with accusations about fundraising, her conduct during the trip, and she was accused of drinking and smoking in front of students, and her partner's purported drinking and drug use. She disputes those accusations and alleges that she was not given a meaningful opportunity to examine the evidence or respond.

**8.** Plaintiff received the termination letter after the meeting. The letter is dated July 18, 2025, and states that termination of her 2025–2026 employment agreement was effective immediately. No post termination appeal or hearing occurred, and, according to Plaintiff, the University did not tell her of any right or procedure to seek review.

**9.** Defendant states that it terminated Plaintiff for cause, citing an unapproved GoFundMe campaign, alleged alcohol use, and an unauthorized guest whom it alleged used alcohol and marijuana in front of the students. Plaintiff's EEOC charge describes her discharge as occurring on or about July 23, 2025, and states that Defendant cited a moral-clause violation. Plaintiff alleges that Defendant's stated reasons do not explain its treatment of her, nor was she given an opportunity to defend herself against these allegations.

**10.** Plaintiff alleges that she was not trained in the funding procedures for expenses newly assigned to her as trip lead, she sought University funds and was told that funds were unavailable.

**11.** Plaintiff alleges that on earlier trips other faculty brought unaffiliated relatives with them without facing discipline, including a department chair who brought an adult son and another faculty member who allegedly brought a spouse and drank on a prior trip without discipline. Plaintiff did not know whether those other guests had formal approval.

**12.** Plaintiff disputes Defendant's characterization of photographs as proving she drank in front of students or violated a workplace rule and disputes the allegation that her partner's vape contained THC.

**13.** Plaintiff alleges that the unequal treatment, the complaints concerning her African American partner, and the circumstances of the investigation and discharge show that Defendant's explanation was pretextual and that race-associated bias affected the discharge.

## COUNT I

## TITLE VII RACE DISCRIMINATION THROUGH INTERRACIAL ASSOCIATION

**14.** Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

**15.** Defendant discharged Plaintiff because she was in a romantic relationship with her African American partner and she interacted with her partner in front of students. The adverse decision discriminated against Plaintiff because of her own race, through her interracial association, in violation of 42 U.S.C. § 2000e-2(a)(1). Plaintiff seeks relief for her discharge, not for discrimination against her partner. The earlier events are alleged as context and evidence of motive.

**16.** Race-related treatment of an employee arising from an interracial association can constitute discrimination against the employee because of race. See Kengerski v. Harper, 6 F.4th 531 (3d Cir. 2021).

**17.** Fourth Circuit decisions under 42 U.S.C. § 1981 likewise recognize that discrimination against a person because of interracial association can constitute race discrimination. See Fiedler v. Marumsco Christian School, 631 F.2d 1144 (4th Cir. 1980); Murrell v. Ocean Mecca Motel, Inc., 262 F.3d 253 (4th Cir. 2001). Plaintiff cites these decisions by analogy and does not assert a separate § 1981 claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant and asks the Court to:

a. Declare that Defendant's discharge of Plaintiff violated Title VII and award appropriate injunctive relief;

b. Order reinstatement or, if reinstatement is not feasible, award appropriate front pay;

c. Award back pay, lost benefits, prejudgment interest, and other equitable relief allowed by law, subject to applicable mitigation;

d. Award compensatory damages to the extent allowed by 42 U.S.C. § 1981a;

e. Award taxable costs and any other relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues triable by jury, including the claim for compensatory damages under 42 U.S.C. § 1981a.

Division Assignment Endorsement: Columbia Division. See Local Civ. Rule 3.01 (D.S.C.).

Dated: September 30, 2026

*By: /s/ Sybil Rosado*
Sybil Rosado, Esquire
4711 Forest Drive, Suite 3, PMB 324
Columbia, South Carolina 29206
Telephone: (803) 466-0289
Facsimile: (803) 999-2029
Email: sybil@rosado.law
Attorney for Plaintiff